UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF OHIO

| | |
|---|---|
| SAMSON JACKSON # A789948<br>15708 McConnelsville Road<br>Caldwell, OH 43724<br><br>and<br><br>vs.<br><br>DAVID DOZIER, in his<br>official and individual capacity<br>310 Ezzard Charles Dr.<br>Cincinnati, OH 45214 :<br><br>and<br><br>CITY OF CINCINNATI<br>POLICE DEPARTMENT<br>310 Ezzard Charles Dr.<br>Cincinnati, OH 45214 :<br><br>and<br><br>CITY OF CINCINNATI<br>801 Plum St.<br>Cincinnati, OH 45202 :<br>        Defendants. | CASE NO. 1:22-cv-232<br><br>JUDGE _____<br><br><br><br>COMPLAINT FOR PERSONAL<br>INJURY<br><br><br>(With Praecipe for Service) |

Come the Plaintiff Samson Jackson, by and through counsel, and for their Complaint for as follows:

## STATEMENT OF CLAIMS

1. Plaintiff seeks money damages and equitable relief from Defendants for violating his constitutional rights, and injunctive relief to prevent injury to himself in the future. He also brings supplemental claims for violations of Ohio state law.

2. Plaintiff was the victim of excessive force by Defendant David Dozier in violation of his the Fourth Amendment to the U.S. Constitution and Ohio state tort laws.

## JURISDICTION

3. This Court has jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1334 (civil rights), 42U.S.C. § 1981, 1983, and 1988.

4. This Court has supplemental jurisdiction over the pendant state law claims purusant to 28 U.S.C. § 1367.

5. This action arises under the United States Constitution as applied to State and local authorities under 42U.S.C. § 1983.

## VENUE

6. Venue is proper in this district based on 28 U.S.C. § 1391(b), as Defendants are residents of this district and the acts or occurrences giving rise to these claims occurred in this district.

## PARTIES

7. Plaintiff Samson Jackson resided in Cincinnati, Ohio at the time of the incidents described in this Complaint.

8. Defendants are all, upon information and belief, Ohio Municipal entities and/or individual members of law enforcement agencies, in an appointed or elected capacity.

9. Defendant City of Cincinnati operates the Cincinnati Police Department (CPD), a law enforcement agency, and is a municipality capable of being sued under Ohio law. The city is the legal entity responsible for CPD. Plaintiff bases all applicable and appropriate claims as to Defendant City of Cincinnati and WPD on the doctrines of respondeat superior or vicarious liability, and municipal liability.

10. Defendant David Dozier was, at all times relevant, an officer in the CPD. He is sued in his personal, official, and individual capacities.

11. Defendant Dozier was, at all times relevant to this Complaint, working as an on duty licensed Ohio peace officer acting under color of state law and within the scope and course of his official duties and employment as officer.

## **FACTS**

12. On or about April 29, 2020 Plaintiff Samson Jackson was arrested in his home on an outstanding warrant by the City of Cincinnati Police.

13. At about the same time and place, Defendant Officer David Dozier was tasked with transporting Plaintiff to the Hamilton County Justice Center.

14. Defendant Dozier placed Plaintiff in the back seat of his police cruiser, with Plaintiff's hands cuffed behind his back and a lap restraint bar over Plaintiff's thighs.

15. Prior to leaving, Defendant Dozier pointed his Taser at Plaintiff, while restrained, and told Plaintiff that he "light [him] up".

16. During transport, Plaintiff became no longer restrained by the lap bar and Defendant Dozier pulled his vehicle off the road and stopped.

17. Defendant Dozier then exited his vehicle, opened Plaintiff's door, drew his Taser, and fired at Plaintiff, hitting him.

18. As a result of Defendant Dozier's actions, Plaintiff was electrocuted for approximately 5 seconds, with his hands still cuffed while being contained in the back of Defendant's vehicle.

19. Defendant Dozier then instructed Plaintiff to put his hands behind his back, while still cuffed in the front.

20. Plaintiff advised Defendant that he was physically unable to do so.

21. Defendant Dozier then depressed the trigger on his Taser, activating the weapon again.

22. This time, Defendant Dozier kept the trigger depressed, which kept the weapon active for approximately 15 seconds.

23. Plaintiff was handcuffed in the back of Defendant's vehicle the entire time.

24. Defendant Dozier was subjected to an administrative review by CPD and the City of Cincinnati where he was suspended for 24 hours as a result of his actions on 4-29-2020.

25. As a direct and proximate result of Defendant Dozier's actions, Plaintiff's was subjected

to excessive force.

26. As a direct and proximate result of Defendant Dozier's actions, Plaintiff's civil rights were violated.

27. As a direct and proximate result of the negligence of Defendant Dozier, Plaintiff has suffered injury to his body.

28. As a direct and proximate result of the negligence of Defendant Dozier, Plaintiff has experienced pain and suffering, anxiety, loss of enjoyment of life, lost wages, and earning capacity, and other damages, all of which may continue into the future.

## FIRST CLAIM
### 42U.S.C. § 1983 (Fourth Amendment- Excessive Force)
### Defendant David Dozier

29. All previous paragraphs are incorporated herein by reference as though fully set forth.

30. Plaintiff makes a claim under 42U.S.C. § 1983 for violation of the Fourth Amendment of the U.S. Constitution.

31. The Fourth Amendment does not permit Defendants to use excessive force.

32. Officer Dozier's use of force against Plaintiff was not reasonable under the circumstances, and was excessive.

**WHEREFORE,** Plaintiff Samson Jackson demands judgment against Defendant Officer Dozier in excess of $250,000.00, plus interest, costs and such other relief as this court deems appropriate.

## SECOND CLAIM
### 42U.S.C. § 1983
### Defendant City of Cincinnati and Cincinnati Police Department

33. Plaintiffs adopt all of the foregoing allegations as if fully restated herein.

34. Municipal bodies are liable for constitutional violations under 42U.S.C. § 1983 when execution of its official policy or custom deprives an individual of its rights protected under the Constitution.

35. Such municipal liability exists where a city fails to properly train, supervise, and discipline its employees amounting in a deliberate indifference to one's constitutional rights. *Wellington v. Daniels*, 717 F.2d 932, 936 (4th Cir. 1983).

36. At all times relevant, Defendant City of Cincinnati and the CPD had a duty to properly train, supervise, and discipline their employees and agents.

37. Defendants breached that duty, in part, by:

    a. Improperly training, authorizing, encouraging or directing officers on the proper use of force.
    b. Failing to investigate allegations of excessive force.
    c. Failing to discipline officers for violations of policy related to excessive force.

38. This unconstitutional behavior of officers is carried out pursuant to a policy, pattern of practice, custom, whether formal or informal, violates the constitutional rights of persons situated such as the Plaintiff

39. Defendants City of Cincinnati and CPD failed to take sufficient remedial actions to end this policy, pattern of practice, or custom within the CPD.

40. The condoning of misconduct, and this failure to end this policy, pattern of practice, or custom was a proximate cause to the injuries suffered by Plaintiff.

**WHEREFORE,** Plaintiff Samson Jackson demands judgment against Defendants City of Cincinnati and CPD in excess of $250,000.00, plus interest, costs and such other relief as this court deems appropriate.

### THIRD CLAIM
**Intentional Torts: Assault, Battery, Infliction of Emotional Distress**
**Defendant Dozier**

41. Plaintiffs adopt all of the foregoing allegations as if fully restated herein.

42. Defendant Dozier was/is an employee, deputy, and/or agent of a municipality.

43. Defendant Dozier's actions, alleged above, were conducted within the scope of his employment or duties

44. The actions of Defendant Dozier were willful, malicious, and in violation of the known rights to Plaintiff.

45. On April 29, 2020 Defendant Dozier committed assault and battery upon Plaintiff when he intentionally drew and pointed his Taser at Plaintiff and threatened to deploy it.

46. On April 29, 2020 Defendant Dozier committed assault and battery upon Plaintiff when he intentionally drew and pointed his Taser at Plaintiff and inflicted bodily harm by subsequently firing the Taser, hitting plaintiff, and electrocuting him for approximately 5 seconds.

47. On April 29, 2020 Defendant Dozier committed assault and battery upon Plaintiff a second time when he intentionally depressed and held the trigger on his Taser, while still attached to Plainitff, and inflicted bodily harm by electrocuting him again for approximately 15 seconds.

48. At all times relevant herein, Ken Neyer Plumbing was the owner of the vehicle being operated by Defendant Timothy Bowen.   Defendant Ken Neyer Plumbing is liable for the negligent actions of Defendant Timothy Bowen, its employee and/or agent, under the Doctrine respondeat superior.

49. Defendant's conduct was intentional and done through the assertion of legal authority over Plainitff.

50. Defendant's conduct was extreme, outrageous conduct intentionally or recklessly caused severe emotional distress to Plaintiff.

**WHEREFORE,** Plaintiff Samson Jackson demands judgment against Defendant Officer Dozier in excess of $250,000.00, plus interest, costs and such other relief as this court deems appropriate.

## FOURTH CLAIM
### Negligence: Negligent Hiring, Retention, Supervision and Negligent Infliction of Emotional Distress
### City of Cincinnati and CPD

51. Plaintiffs adopt all of the foregoing allegations as if fully restated herein.

52. At all times relevant herein, Defendant Dozier was an employee, deputy, and/or agent of a municipality.

53. Defendant Dozier's actions, alleged above, were conducted within the scope of his employment or duties

54. Defendants City of Cincinnati and CPD owed a duty of care to Plainitiff to exercise reasonable care in hiring, retaining, and supervising its employees.

55. Defendants City of Cincinnati and CPD knew or should have known Defendant Dozier's dangerous character based on prior complaints and/or background checks.

56. Defendants City of Cincinnati and CPD breached their duty of care to Plainitiff by failing to properly supervise, provide training, and take remedial measures such as discharge or reassignment, against their employees to ensure safety of Plaintiff.

57. Defendants City of Cincinnati and CPD failed to properly vet and supervise Defendant Dozier.

58. As a result of Defendants City of Cincinnati and CPD negligent acts, Plaintiff reasonably feared for his life and safety and has suffered emotional distress.

**WHEREFORE,** Plaintiff Samson Jackson demands judgment against Defendants City of Cincinnati and CPD in excess of $250,000.00, plus interest, costs and such other relief as this court deems appropriate.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Samson Jackson demands judgment against Defendants, and grant the following:

A. Enter judgment on behalf of Plaintiff against Defendants for resaonable actual damages sufficient to compensate him for the violation of his Fourth Amendment rights and rights under Ohio state law;

B. Permanently enjoin and prohibit Defendants from interfering with Plainitiff's constitutional rights. Specifically, to enjoin Defendants from retaliating against Plaintiff and subjecting him to future excessive force;

C. Order Defendants to pay puntitive and other exemplary damages based on 42U.S.C. § 1983 claims;

D. Order Defendants to pay Plaintiff's attoney's fees and costs as authorized by 42U.S.C. § 1988; pre-judgment interest and any other relief deemed necessary and proper.

    E.  Grant all other and additional relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/ Matthew J. Hammer
Kyle B. McKenzie (0063477)
Matthew J. Hammer (0092483)
*Attorneys for Plaintiff*
McKenzie & Snyder LLP
229 Dayton Street
Hamilton, OH 45011
*matt@mslaw.legal*
(513) 737-5180 - office
(513) 737-5179 - fax

## PRAECIPE FOR SERVICE

TO THE CLERK:

    Kindly serve the Defendants at the addresses provided on the caption of this Complaint by certified U.S. Mail, return receipt requested.

/s/ Matthew J. Hammer
Kyle B. McKenzie (0063477)
Matthew J. Hammer (0092483)
*Attorneys for Plaintiff*