## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **SAMSON JACKSON,** | : | **Case No. 1:22-cv-232** |
| | : | |
| **Plaintiff,** | : | **Judge Douglas R. Cole** |
| | : | |
| -vs- | : | |
| | : | |
| **CITY OF CINCINNATI, et al.,** | : | **CITY DEFENDANTS' ANSWER** |
| | : | **TO PLAINITFF'S COMPLAINT** |
| **Defendants.** | : | |

Now come Defendants, David Dozier, City of Cincinnati Police Department, and the City of Cincinnati (collectively hereafter "the City Defendants"), by and through counsel, and for their Answer to Plaintiff's Complaint, state as follows:

## STATEMENT OF CLAIMS

1. Paragraph 1 requires no response from the City Defendants. To the extent the allegations of civil rights/constitutional rights violated by the City Defendants are stated or implied, the City Defendants deny the allegations.

2. Deny.

## JURISDICTION

3. Admit.

4. Admit.

5. Admit.

## VENUE

6. Admit.

## PARTIES

7. Deny for want of knowledge.

8. Admit.

9. The City Defendants admit the City of Cincinnati operates the Cincinnati Police Department and is capable of being sued under Ohio law and states the remainder of Paragraph 9 requires no response from the City Defendants.

10. The City Defendants admit David Dozier was at all times relevant an officer in the CPD and states the remainder of Paragraph 10 requires no response from the City Defendants.

11. Admit.

## FACTS

12. Admit.

13. Admit.

14. Admit.

15. Admit.

16. Admit

17. Admit.

18. The City Defendants admit Plaintiff was tased for approximately 5 seconds while his hands were handcuffed in front of his person and he was located in the back of the police cruiser. The City Defendants deny the remaining allegations in Paragraph 18.

19. Admit.

{00364519-1}                                                          2

20. Admit.

21. Admit.

22. Admit.

23. The City Defendants admit that Plaintiff's hands were handcuffed in front of his person and he was located in the back of the police cruiser.  The City Defendants deny the remaining allegation in Paragraph 23.

24. Admit.

25. Deny.

26. Deny.

27. Deny.

28. Deny.

## FIRST CLAIM
### 42 U.S.C. § 1983 (Fourth Amendment-Excessive Force)
### Defendant David Dozier

29. The City Defendants incorporate all preceding admissions and denials as if fully rewritten herein.

30. Paragraph 30 requires no response from the City Defendants.  To the extend the allegations of civil rights/constitutional rights violations by the City Defendants are stated or implied, the City Defendants deny the allegations.

31. Paragraph 31 requires no response from the City Defendants.  To the extent the allegations of civil rights/constitutional rights violated by the City Defendants are stated or implied, the City Defendants deny the allegations.

32. Deny.

## SECOND CLAIM
## 42 U.S.C. § 1983
## Defendant City of Cincinnati and Cincinnati Police Department

33. The City Defendants incorporate all preceding admissions and denials as if fully rewritten herein.

34. Paragraph 34 requires no response from the City Defendants.  To the extent the allegations of civil rights/constitutional rights violated by the City Defendants are stated or implied, the City Defendants deny the allegations.

35. Paragraph 35 requires no response from the City Defendants.  To the extent the allegations of civil rights/constitutional rights violated by the City Defendants are stated or implied, the City Defendants deny the allegations.

36. Admit.

37. Deny.

38. Deny.

39. Deny.

40. Deny.

## THIRD CLAIM
## Intentional Torts: Assault, Battery, Infliction of Emotional Distress
## Defendant Dozier

41. The City Defendants incorporate all preceding admissions and denials as if fully rewritten herein.

42. Admit.

43. Deny.

44. Deny.

45. Deny.

46. Deny.

47. Deny.

48. Deny for want of knowledge.

49. Deny.

50. Deny.

## FOURTH CLAIM
### Negligence: Negligent Hiring, Retention, Supervision and Negligent Infliction of Emotional Distress
### City of Cincinnati and CPD

51. The City Defendants incorporate all preceding admissions and denials as if fully

    rewritten herein.

52. Admit.

53. Deny.

54. Admit.

55. Deny.

56. Deny.

57. Deny.

58. Deny.

## AFFIRMATIVE DEFENSES

1. The City Defendants deny each and every statement, allegation, and averment

   contained in Plaintiff's Complaint that is not specifically admitted to be true.

2. Plaintiff failed to state a claim upon which relief may be granted.

3. Plaintiff failed to mitigate damages, if any.

4. The City Defendants acted reasonably, in good faith, without malice, and with probably cause.

5. The City Defendants did not violate any clearly established constitutional or statutory rights of which a reasonable officer would have known.

6. The individual defendants are entitled to qualified immunity.

7. R.C. 2744 provides state tort immunity to the City Defendants.

8. The City Defendants are entitled to a credit, setoff, or deduction of all amounts paid to or available to Plaintiff from collateral sources as set forth in R.C. 2744.05 of the Ohio Revised Code.

9. Plaintiff has not suffered an economic or noneconomic loss that would entitle him to recover damages.

10. Any damage to Plaintiff was caused by unforeseeable, independent, intervening, or superseding events beyond the control and unrelated to the conduct of the City Defendants.

11. The City Defendants state that if Plaintiff suffered damages, which is specifically denied, Plaintiff proximately caused and/or directly contributed to said damages by his own negligence or recklessness and/or assumed the risk thereby barring Plaintiff from any recovery against the City Defendants or diminishing any recovery by Plaintiff against the City Defendants.

12. The City Defendants hereby give notice of their intent to rely on and utilize any affirmative defense set forth in Rule 8 & 12 of the Federal Rules of Civil Procedure

that may become available or apparent during the course of discovery and hereby reserve the right to amend their answer to assert such defenses.

13. The alleged damages to Plaintiff were caused by the acts and/or omission of someone other than the City Defendants over whom the City Defendants had no control.

14. The City Defendants reserve the right to raise any other defenses as shall become manifest during or upon completion of discovery and hereby reserve the right to amend their answer to assert such defenses.

**WHEREFORE**, having fully answered, the City Defendants request that the Complaint be dismissed with prejudice and at Plaintiff's cost.

Respectfully submitted,

**ANDREW W. GARTH (0088905)**
**City Solicitor**

*/s/ Katherine C. Baron*
Katherine C. Baron (0092447)
Shuva J. Paul (0088484)
Assistant City Solicitors
801 Plum Street, Room 214
Cincinnati, Ohio 45202
(513) 352-4705
Fax: (513) 352-1515
Katherine.baron@cincinnati-oh.gov
Shuva.Paul@cincinnati-oh.gov
*Trial Counsel for the City Defendants*


*/s/ Kimberly A. Rutowski*
Kimberly A. Rutowski (0076653)
Lazarus & Lewis
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, Ohio 45202

(513) 721-7300
Fax: (513) 721-7008
krutowski@hllmlaw.com
*Special counsel for defendant Dozier*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of July 2022, a true and accurate copy of the foregoing was electronically filed. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ Katherine C. Baron*
Katherine C. Baron (0092447)